**Robert KAHRE, Plaintiff–Appellant,**

v.

**J. Gregory DAMM; et al., Defendants–Appellees.**

**No. 08–15295.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2009.

Filed June 29, 2009.

William A. Cohan, William A. Cohan, PC, Santa Fe, CA, Ross C. Goodman, Esquire, Goodman Law Group, Las Vegas, NV, R. Craig Zafis, Esquire, San Diego, CA, for Plaintiff–Appellant.

Steven W. Myhre, Esquire, USLV–Office of the U.S. Attorney, Las Vegas, NV, Joseph A. Sergi, Esquire, Gretchen M. Wolfinger, Jonathan S. Cohen, John A.

Nolet, DOJ–U.S Department of Justice, Karen L. Pound, Esquire, Washington, DC, for Defendants–Appellees.

Before: HUG, B. FLETCHER and HAWKINS, Circuit Judges.

## MEMORANDUM *

Robert Kahre appeals the district court's dismissal of his private Racketeer Influenced and Corrupt Organizations Act ("RICO") suit for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Kahre claims that various officers of the Internal Revenue Service, the United States Attorney's Office, and the North Las Vegas Police Department engaged in a pattern of racketeering activity intended to injure his business or property. Kahre seeks to turn a legitimate law enforcement activity into a RICO enterprise with mere allegations, but he has failed to state a claim for either a state or federal RICO violation.[1]

■ The essential elements of a federal RICO cause of action are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.'" *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir.2001) (quoting 18 U.S.C. § 1964(c)). Kahre has failed to allege the conduct element, since the conduct he complains of is legitimate

law enforcement activity carried out in the course of the officers' employment. In conducting the raid on Kahre's home and business, the officers acted pursuant to valid search and arrest warrants. In prosecuting Kahre for tax and wire fraud, the officers acted pursuant to grand jury indictments and in accordance with their duties under the law. *See Sinclair v. Hawke*, 314 F.3d 934, 943 (8th Cir.2003) ("[Plaintiff] has cited no authority for the proposition that federal employees who take regulatory action consistent with their statutory powers engage in a 'pattern of racketeering activity' if those actions are adverse to a particular industry or business activity. In our view, the proposition is ludicrous on its face.").

■ Kahre has also failed to allege a RICO enterprise, as the cooperation between two federal agencies and local police in a tax fraud investigation is not a criminal enterprise. *See Wilkie v. Robbins*, 551 U.S. 537, 127 S.Ct. 2588, 2607, 168 L.Ed.2d 389 (2007) ("[I]t is not reasonable to assume that the Hobbs Act (let alone RICO) was intended to expose all federal employees ... to extortion charges whenever they stretch in trying to enforce Government property claims.")

■ Kahre's complaints are more appropriate for a *Bivens* suit. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Indeed, Kahre first filed a *Bivens* suit, but, unhappy with the results,[2] he brought this RICO suit containing almost entirely duplicative claims.[3] This duplicity is another reason

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Kahre alleged that defendants violated Nevada's RICO statute, Nev.Rev.Stat. §§ 207.350 *et seq.* This claim fails for the

same reasons as the federal RICO claim and does not merit separate analysis.

2. This case is stayed pending the outcome of Kahre's criminal trial.

3. Kahre argues that his witness tampering allegations could not have been included in

for affirming the case's dismissal. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir.2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." (internal quotations and citation omitted)), *cert. denied*, 552 U.S. 1076, 128 S.Ct. 807, 169 L.Ed.2d 607 (2007).

The judgment of the district court is AFFIRMED.

All pending motions are DENIED as moot.

the original *Bivens* suit because that conduct extended beyond the filing of the complaint. However, Kahre could have amended his complaint to include these claims; in fact, he has already requested leave from the district court to file a third amended complaint.